## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

VICTOR LUNA-USCANGA,

    Petitioner,

v.                                                    CASE NO. 5:23-cv-397-WFJ-PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Victor Luna-Uscanga's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Respondent's Motion to Dismiss the petition for failure to exhaust administrative remedies (Dkt. 5). Upon careful consideration, the Court grants Respondent's motion and dismisses the petition without prejudice.

## BACKGROUND

In December 2016, the United States District Court for the Northern District of Texas sentenced Petitioner to 127 months' incarceration for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. *See* Judgment, *United States v. Luna-Uscanga*, No. 3:15-CR-00153-M(2) (N.D. Tex. Dec. 28, 2016). Petitioner is serving his prison sentence at the Federal Correctional Complex, United States Low, in Coleman, Florida. His projected release date, based on good conduct time, is May 3, 2024. Dkt. 5 at 2.

On June 26, 2023, Petitioner filed the instant § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his sentence. Dkt. 1 at 6. Petitioner asserts that the BOP incorrectly determined his eligibility for time credits under the First Step Act ("FSA"). *Id.* He further states that, once his FSA time credits are applied, he will be eligible for immediate release to a residential reentry center. *Id.* at 7. Petitioner indicated that he did not appeal the BOP's decision as to his eligibility, file a grievance, or seek an administrative remedy before filing the instant petition. *Id.* at 2.

## DISCUSSION

Although exhaustion of administrative remedies is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A district court follows a two-step process when determining whether to dismiss a petition based on a failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 56 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, the court considers the inmate's and the respondent's factual allegations. *Id.* If the parties' factual allegations conflict, the court accepts the inmate's version of the facts as true. *Id.* If the inmate's allegations establish his or her failure to exhaust administrative remedies, the court must dismiss the petition. *Id.*

Where an inmate's allegations do not support dismissal at the first step, the court proceeds to the second step. *Id.* There, the respondent "bears the burden of proving that the inmate failed to exhaust administrative remedies." *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Upon making findings on the disputed issues of fact, the court decides whether the inmate has exhausted his or her administrative remedies. *Id.* at 857.

Here, the Court may resolve this matter at the first step. Both parties agree that Petitioner has not exhausted his administrative remedies. Petitioner acknowledges that he has not appealed a BOP ruling, filed a grievance, or sought an administrative remedy. Dkt. 1 at 2. The BOP maintains a computerized index that track all administrative remedies filed by inmates. Dkt. 5 at 5. Based on this index, Respondent represents that Petitioner "has never filed an administrative remedy." *Id.*

The BOP's Administrative Remedy Program is outlined in the Code of Federal Regulations. *See* 28 C.F.R. § 542. That program requires an inmate to first seek informal resolution by reporting his issue to staff. § 542.13. If the issue cannot be resolved informally, the inmate may utilize form BP-9 to submit an Administrative Remedy Request. § 542.14. The administrative remedy may be appealed within 20 days to the Regional Director via form BP-10, and the Regional Director's response may be appealed within 30 days to General Counsel using form BP-11. § 542.15. Appeal to the General Counsel is the final level of administrative review. *Id.* An

inmate may challenge the BOP's computation of his sentence through a petition for writ of habeas corpus only after he has exhausted all levels of administrative review. *See Santiago-Lugo*, 785 F.3d at 475.

## CONCLUSION

Accordingly, Respondent's Motion to Dismiss, Dkt. 5, is **GRANTED**. The Petition, Dkt. 1, is **dismissed without prejudice**. The Clerk is directed to enter judgment in favor of Respondent and against Petitioner and close this case.

**DONE AND ORDERED** at Tampa, Florida, on September 13, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record