UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**VICTOR LUNA-USCANGA,**

    Petitioner,

v.                                                    Case No: 5:23-cv-397-WFJ-PRL

**WARDEN, FCC COLEMAN-LOW,**

    Respondent.

_____

**ORDER**

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). In an Order dated September 13, 2023, the Court dismissed the Petition without prejudice for failing to exhaust his administrative remedies. (Doc. 6). Pending before the Court is Petitioner's "Motion to Reinstate per Rule 60(b)." (Doc. 9).

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying

reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

Petitioner appears to claim that the Court erred by failing to enter "a final decision for appeal review." (Doc. 9 at 1). Petitioner has not raised any new arguments warranting reconsideration or amendment of the judgment dismissing his petition.

## CONCLUSION

Petitioner's Motion to Reinstate (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 8, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Party
Counsel of Record

2